Alpha Agency, Inc. v. Commissioner. William Degen Weinberger v. Commissioner.
Alpha Agency, Inc. v. Commissioner
Docket Nos. 9046, 9047.
United States Tax Court
1947 Tax Ct. Memo LEXIS 46; 6 T.C.M. (CCH) 1179; T.C.M. (RIA) 47295; October 29, 1947
*46 The petitioner Alpha Agency, Inc. was engaged in the insurance underwriting business. The petitioner William Degen Weinberger was president of petitioner corporation and its sole stockholder. Petitioner Weinberger in the taxable years 1942 and 1943 incurred expenses, including expenses for entertainment, in connection with the business of the corporation. Weinberger drew sums from the corporation for these corporate expenses and for any other purpose that he needed money, including his own personal needs. In the taxable years 1942 and 1943, the corporation deducted the respective amounts of $19,879.30 and $20,621.32 as expenses of its "Loss Department" and "New and Old Business Department." Respondent determined that $7,500 in each of the respective years 1942 and 1943 was attributable to business expenses and in addition that the respective amounts of $7,500 and $8,500 for the years 1942 and 1943 were reasonable compensation for services rendered by Weinberger or total deductions allowed for 1942 and 1943 of $15,000 and $16,000. The balance of $4,879.30 and $4,621.32 respondent disallowed for lack of substantiation. Held, petitioner corporation should be allowed for the fiscal year *47 1942 a deduction of $12,626 for losses and expenses and $7,253 as compensation to Weinberger for his services in lieu of the amounts determined by the respondent and should be allowed for the fiscal year 1943 $12,448.92 for losses and expenses and $8,172.40 as compensation to Weinberger for his services. Held, further, these latter amounts should be taxed to Weinberger as compensation received instead of the $7,500 and $8,500 which the Commissioner has determined for the respective years 1942 and 1943. Benjamin H. Booth, Esq., 11 W. 42nd St., New York, N.Y., for the petitioners. Fred R. Tansill, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion These proceedings have been consolidated. In Docket No. 9046, the respondent has determined deficiencies in income taxes and declared value excess-profits taxes against the petitioner Alpha Agency, Inc. for the taxable years ended May 31, 1942 and May 31, 1943 as follows: 1942
1943
Income tax
$1,024.66
$1,155.33
Delinquency penalty
256.16
Declared value excess-profits
tax
635.82
601.76
Delinquency penalty
158.96
The deficiency in Docket No. 9046 is due to an adjustment to the net income for the fiscal years ended May 31, 1942 and *48 May 31, 1943 as follows: 1942
1943
Net income for declared value excess-profits tax computation as eesclosedby
return
None
None
Unallowable deductions
(a) Other deductions
$4,879.30
$4,621.32
Net income for declared value excess-profits computation, as adjusted
$4,879.30
$4,621.32
The respondent in a statement attached to the deficiency notice explained this adjustment as follows: "(a) The aggregates of the following items included in other deductions claimed on your returns for the years ended May 31, 1942 and May 31, 1943, have been disallowed in the amounts of $4,879.30 and $4,621.32 respectively, for lack of substantiation: Year ended
Year ended
May 31, 1942
May 31, 1943
Amount claimed: Loss Department expenses
$12,843.33
$13,603.71
Other Department expenses
7,035.97
7,017.61
Aggregate
$19,879.30
$20,621.32
Amount allowed: Expenses
$ 7,500.00
$ 7,500.00
Reasonable compensation for personal services rendered by Wil-
liam Degen Weinberger
7,500.00
8,500.00
TOTALS
$15,000.00
$16,000.00
Balance disallowed for lack of substantiation
$ 4,879.30
$ 4,621.32" By appropriate assignments of error petitioner contests these adjustments. In Docket No. 9047 the respondent has determined deficiency in income tax against the petitioner *49 William Degen Weinberger in the amount of $3,095.38 for the year 1943. The deficiency is due to adjustments to the net income of petitioner William Degen Weinberger as reported on his returns for the taxable years ended December 31, 1942 and December 31, 1943, as follows: 1942
1943
Income tax
Victory tax
net income
net income
Net income as disclosed by return
$ (359.63)
$ 4,081.03
$ 4,739.65
Additional income
(a) Compensation for personal services
7,500.00
8,500.00
8,500.00
Net income as adjusted
$7,140.37
$12,581.03
$13,239.65
The respondent in a statement attached to the deficiency notice explained these adjustments as follows: "(a) It is held that compensation for personal services was understated on your returns for the years 1942 and 1943 in the amounts of $7,500.00 and $8,500.00 respectively, representing salary received from Alpha Agency, Inc., and not reported." By appropriate assignments of error the petitioner William Degen Weinberger contests these adjustments. Findings of Fact The petitioner Alpha Agency, Inc. is a New York corporation, organized in 1936 with a paid-in capital of $500 which was engaged in the insurance underwriting business. The Alpha Agency, Inc. will sometimes hereinafter *50 be referred to as the corporation. Its returns for the fiscal years ending May 31, 1942 and May 31, 1943, were prepared on the cash basis and were filed with the collector of internal revenue for the second district of New York at New York. The petitioner William Degen Weinberger resides at 200 West 86th Street, New York, N.Y. and is the president and sole stockholder of Alpha Agency, Inc. His returns for the calendar years 1942 and 1943 were prepared on the cash basis and were filed with the collector for the third district of New York at New York. Tax Liability of Alpha Agency Inc. During the taxable years involved Weinberger devoted his entire time to the fire and marine insurance underwriting business on behalf of the corporation. The corporation's business was obtained by Weinberger, whose other principal activities on behalf of the corporation consisted of making inspections of insurance risks for possible fire hazards both in relation to new and old insurance risks and of making adjustments on fire losses. In connection with fire losses upon which the corporation had underwritten fire insurance policies, Weinberger would visit the premises to inspect the losses, take the necessary *51 steps to protect the property from further damage and do whatever else was necessary under the circumstances. During the fiscal year ended May 31, 1942 Weinberger settled 530 fire losses at an average cost of $11.71 and 621 inland marine losses at an average cost of $4.91 and during the fiscal year ended May 31, 1943 he settled 477 fire losses at an average cost of $10.81 and 574 inland marine losses at an average cost of $6.21. In the course of his activities in connection with the business of the corporation Weinberger incurred some business and entertainment expenses properly chargeable to the corporation. The money spent by Weinberger on behalf of the corporation was obtained by him by means of drawing upon the funds of the corporation. The money so drawn by Weinberger was used for corporate expenses and for "any other purpose that he needed money which might include his own personal needs." The money that petitioner drew and spent for the corporation would be regarded as corporate expenses and the amount that he drew and did not account for as a corporation expense would be considered as a personal charge to him. It was conceded that expenses charged to the corporation might have *52 included some personal expenses of Weinberger. It is clear that some of the money which Weinberger drew in each of the taxable years was spent in defraying his own personal living expenses. These expense accounts incurred by Weinberger were recorded upon a daily expense tally sheet kept by Weinberger in his possession and on which he entered daily expenses and mailed them at the end of each day or soon thereafter to a tax consultant under whose supervision they were entered into a "loss record" which contained a record of individual fire losses and the expenses incident thereto and a "daily expenses record" wherein was recorded the expenses incurred each day and classified into various types by the tax consultant. These daily expense tally sheets were not permanently retained but were destroyed after 30 or 40 days. Weinberger practically treated the corporation's business as his own and his custom was to retain the net profits of the corporation remaining at the close of each year as his salary for services performed in that year. This was done in the two taxable years we have before us. In its income tax returns for the fiscal years ended May 31, 1942 and May 31, 1943, the Alpha Agency, *53 Inc. reported as gross income the respective amounts of $29,013.21 and $32,689.60. It claimed deductions for expenses incurred in its business as follows: 1942
1943
Gross income
Commissions received
$29,013.21
$32,689.60
Loss Department expenses
$12,843.33
$13,603.71
*New Business and Old Business Department expenses
7,035.97
7,017.61
Subtotal
$19,879.30
$20,621.32
Salaries, rent, telephone, taxis, misc.
9,133.91
29,013.21
12,068.28
32,689.60
Net income
None
None
The respondent in his determination of the deficiencies in Docket No. 9046 against the corporation allowed the full amount claimed by the corporation for the fiscal year 1942 as expenses for salaries, rent, telephones, taxis, etc., all aggregating $9,133.91, and he also allowed the full amount claimed for these similar items, to wit: $12,068.26 for the fiscal year 1943. However, he did not allow in either of the taxable years the full amount claimed by the corporation as deductions for expenses in its "Loss Department" and for "New Business and Old Business Department Expenses." Of the above amounts of $19,879.30 and $20,621.32 claimed by the *54 corporation for loss department and new business and old business department expenses, the respondent determined the following allowances: 1942
1943
Amount claimed
$19,879.30
$20,621.32
Amount allowed: For expenses
$7,500
$7,500
For reasonable compensation for personal services ren-
dered by Weinberger
7,500
15,000.00
8,500
16,000.00
Balance disallowed for lack of substantiation
$ 4,879.30
$ 4,621.32
Beginning with the fiscal year ended May 31, 1937 to and including the fiscal year ended May 31, 1941, Alpha Agency, Inc. filed an original return in which it reported certain deductions for fixed salary paid to Weinberger which varied in amounts for the respective years. On April 2, 1943 Alpha Agency, Inc. filed amended returns for these fiscal years in which there was reported no fixed salary to Weinberger but in schedules attached to the amended returns stated that he received as his compensation the net income of the corporation after expenses were paid. These amended returns, in addition to showing various expenses such as salaries of office help, rents, taxi fares, telephone charges, etc., incurred and paid by the corporation in carrying on its business and also losses paid, showed compensation paid *55 to Weinberger as net profits for the year, as follows: 1937
$1,239.90
1938
5,357.15
1939
7,572.86
1940
5,157.22
1941
6,306.12
These amended returns, after deducting the expenses and payment of losses incurred and the salaries incurred and paid to Weinberger, showed no net income of the corporation and no taxes due by it. These returns were accepted by the Commissioner as correct in a letter dated December 16, 1943, which reads as follows, omitting formal parts: "Upon examination of your Federal income tax returns for the years indicated above, the conclusion has been reached that they should be accepted as correct. "I am sure you will appreciate that should subsequent information be received which would materially change the amount reported, it will be necessary under existing laws to redetermine your tax liability." In so far as the record shows the Commissioner never made any adjustments to the income of the corporation as reported on these amended returns for the fiscal years 1937 to 1941, inclusive. Of the amounts claimed by the petitioner corporation for "Loss Department" and "New Business and Old Business Department" expenses for the fiscal year ending May 31, 1942, $12,626 was incurred *56 and paid by the corporation as losses and ordinary and necessary business expenses. In the same taxable year $7,253.30 was paid and incurred by the corporation as reasonable compensation to Weinberger for his services to the corporation. Of the amounts claimed by the petitioner corporation for "Loss Department" and "New Business and Old Business Department" expenses for the fiscal year ending May 31, 1943, $12,448.92 was incurred and paid by the corporation as losses and ordinary and necessary business expenses. In the same taxable year $8,172.40 was paid and incurred by the corporation as reasonable compensation to Weinberger for his services to the corporation. Tax Liability of Weinberger The individual income tax return for the calendar year 1942 filed by Weinberger on the cash basis with the collector of the third New York district showed: Income from Alpha Agency, Inc.
None
Income from M. C. Feldman Co.
$3,381.45
Deductions
3,741.08
Net loss
$ 359.63
The Commissioner's determination adjusted Weinberger's net income for 1942 by adding $7,500, being compensation determined by respondent for personal services rendered to Alpha Agency, Inc. during the calendar year 1942 to his net income *57 as disclosed by his return as follows: Net income reported
$ (359.63)
Additional income
7,500.00
Net income as adjusted
$7,140.37
The individual income tax return for the calendar year 1943 filed by Weinberger on the cash basis with the collector of the third New York district showed: Income from Alpha Agency, Inc.
None
Income from M. C. Feldman Co.
$4,739.65
Deductions
658.62
Income tax net income
$4,081.03
Victory tax net income
4,739.65
Total income and victory tax liability
$ 672.81
The Commissioner's determination adjusted Weinberger's net income for 1943 by adding $8,500, being compensation determined by respondent for personal services rendered to Alpha Agency, Inc. during the calendar year 1943 to his net income as disclosed by his return as follows: Net income reported
$ 4,081.03
Additional income
8,500.00
Net income as adjusted
$12,581.03
Weinberger received in 1942 from the corporation compensation amounting to $7,253.30 and in 1943 he received from the corporation compensation amounting to $8,172.40. These amounts represented reasonable compensation for his services to the corporation. Opinion BLACK, Judge: The respondent in his brief states in a correct manner, we think, the issues which are *58 to be decided in this proceeding. He states these issues as follows: "1. Whether the Commissioner erred by disallowing $4,879.30 and $4,621.32 of the aggregate of Loss Department expenses and New and Old Business Department expenses claimed as deductions by Alpha Agency, Inc. for the respective taxable years ended May 31, 1942 and May 31, 1943. "2. Whether the Commissioner erred by including in gross income of the petitioner William Degen Weinberger for the calendar years 1942 and 1943, respectively, income of $7,500.00 and $8,500.00, received from Alpha Agency, Inc. "3. Whether the Commissioner erred by imposing a delinquency penalty of 25 per cent on Alpha Agency, Inc. because of its wilful neglect in failing to make and file a return for the taxable year ending May 31, 1942 within the time prescribed by law." Plainly the issues which we have here to decide are of fact and not of law. We have much evidence in the record, both oral and documentary, from which to make our decision. Petitioner Weinberger several years prior to the taxable years here in question organized the Alpha Agency, Inc. to carry on an insurance underwriting agency. Weinberger was the sole stockholder and it is *59 plan that he treated the corporation's business pretty much the same as if it were his own individual business. However, neither party contends that the corporate entity should be disregarded and there is no reason that we should do so. There is no dispute in this proceeding as to the gross income of the corporation in each of the taxable years. In the fiscal year 1942, this gross income was $29,013.21 and in the fiscal year 1943 it was $32,689.60. The petitioner corporation reported these amounts as its gross income for the respective taxable years. However, it took deductions of certain claimed losses and expenses which precisely equaled the amounts of gross income which it reported. Therefore, its returns for each taxable year showed no net income and no tax due. The deductions which the corporation took did not include any salary to Weinberger. As has been shown in our findings of fact the Commissioner in his determination of the deficiencies allowed all of certain deductions claimed by the corporation such as rents, salaries to clerical employees, etc., but disallowed for the fiscal year 1942 $12,379.30 of the "Loss Department" expenses and "New Business and Old Business" expenses *60 and for the fiscal year 1943 disallowed $13,121.32 of similar expenses. He at the same time allowed $7,500 for the year 1942 and $8,500 for the year 1943 as a compensation to Weinberger for his services which deductions were not claimed by the petitioner corporation on its returns. The net effect of this action of the Commissioner is to disallow and add back to petitioner corporation's income for the fiscal year ended May 31, 1942, $4,879.30 and for the fiscal year ended May 31, 1943, $4,621.32. It is petitioner's contention that it should be allowed the entire amount that it claimed on its returns for 1942 and 1943 as losses and expenses, that it had no net income in either of the taxable years, and therefore paid no salary or other compensation to Weinberger and owes no tax. Weinberger on his part claims in his petition that he draw no salary from petitioner in either of the taxable years and therefore should be taxed with none. Weinberger testified at length at the hearing as did also Morris Cooper-Smith, an accountant who kept the books and records for the corporation during the respective taxable years. Figures compiled by the witness Cooper-Smith from records which were in the *61 courtroom were introduced in evidence as petitioner's exhibits Nos. 4 and 5 to show that petitioner corporation in each of the taxable years spent through Weinberger the exact amounts which it claimed as deductions for "Loss Department" expenses and "Old and New Business Department" expenses on its returns. These deductions included no salary to Weinberger. However, it seems plain from these records and other evidence that Weinberger mixed with these expenditures, expenditures which were clearly personal to him and which the corporation had no legal right to deduct. We have given careful study to the whole record and have found in our findings of fact that of the $19,879.30 claimed by petitioner corporation on its return for 1942 as expenditures in its "Loss Department" and "Old and New Business Department" $12,626 was incurred and paid as losses and ordinary and necessary business expenses and should be allowed as such. The balance of $7,253.30 was not substantiated by petitioner as losses and ordinary and necessary expenses of petitioner corporation incurred and paid and inasmuch as it represents money drawn by Weinberger and either spent or retained for his own personal use, we *62 have found that it represents salary or compensation paid to him for the fiscal year ended May 31, 1942. For 1943 we have found that of the $20,621.32 claimed by petitioner corporation as deductions for losses and ordinary and necessary business expenses, $12,448.92 did actually represent amounts paid out for such purpose and the balance $8,172.40 had not been substantiated as so paid and represented salary or other compensation paid to Weinberger for the year 1943. The result of these findings is that the petitioner corporation had no net income for either of the taxable years and the $7.253.30 compensation to Weinberger in 1942 and the $8,172.40 compensation to him in 1943 will be taxed to him in those respective taxable years in lieu of the $7,500 and the $8,500 which the Commissioner has taxed to Weinberger in his determination of the deficiency. The result here reached is in line with the way the petitioner corporation's and Weinberger's tax liabilities have been adjusted for prior years. At the hearing the amended income tax returns of the corporation for the years 1937 to 1941, inclusive, were introduced in evidence by respondent. It was done, not because the liabilities of *63 the corporation in those prior years were before us for adjudication but because the records and accounts for the respective taxable years, between the corporation and Weinberger, were kept in such a way that their analysis was difficult and it was though these income tax returns would throw some helpful light on the problems which we have here to decide. They were admitted in evidence for that purpose and have proved to be helpful in the decision of the difficult fact questions we have to decide. These returns show that after the deduction of all insurance losses and ordinary and necessary business expenses of the corporation, the balance of the income in each of the prior years was treated as compensation to Weinberger and allowed as a deduction to the corporation as reasonable compensation paid to Weinberger. This left the corporation with no taxable income for either of these prior years. The Commissioner accepted these returns as correct on that basis. Of course, that action does not bind the Commissioner in either of the taxable years from taking contrary action if it is warranted. Nevertheless, under all the facts we think the method used for these prior years is the proper *64 method to use in the two years which we have before us, varying the amounts, of course, in accordance with the facts pertaining to the respective taxable years. The salaries to be taxed to Weinberger in a recomputation under Rule 50 are $7,253 for 1942 and $8,172 for 1943, instead of $7,500 for 1942 and $8,500 for 1943 as determined by the Commissioner. This we have done. Although petitioner corporation offered no evidence which would absolve it from a penalty for the delinquent filing of its income tax return for 1942, nevertheless, there will be no penalty because there is no net income of the corporation for that year. Decision will be entered under Rule 50. Footnotes
*. Also referred to as "Business and Underwriting Department Expense" or "NB and OB Department" expenses. ↩